(88 Misc. Rep. 47)

### BRUSSEL v. LOUVRE HOTEL CO.

(Supreme Court, Appellate Term, First Department.  December 17, 1914.)

1. EVIDENCE (§ 265*)—ADMISSIONS—CONCLUSIVENESS.
    Alleged admissions, contained in the pleadings in an action by a third person against defendant, are not conclusive on defendant, but are open to explanation and contradiction.
    [Ed. Note.—For other cases, see Evidence; Cent. Dig. §§ 1029–1050; Dec. Dig. § 265.*]

2. EVIDENCE (§ 213*)—COMPROMISE—OFFER OF JUDGMENT.
    Under the direct provisions of Municipal Court Act (Laws 1902, c. 580) § 148, authorizing a defendant to offer to allow judgment, an offer of judgment, not accepted, cannot be introduced in evidence to establish defendant's liability.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 745–751, 753; Dec. Dig. § 213.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Garnishment by Dennis G. Brussel against the Louvre Hotel Company.  From a judgment for plaintiff, defendant appeals.  Reversed and remanded, unless the parties stipulate for a reduction of judgment.

Argued November term, 1914, before LEHMAN, DELANY, and WHITAKER, JJ.

Marks & Marks, of New York City (Harry M. Marks, of New York City, of counsel), for appellant.

Pitcher & Stern, of New York City, for respondent.

LEHMAN, J.  [1] The plaintiff has recovered a judgment for $300 in a garnishee action.  At the trial the plaintiff was permitted to prove the amount of salary due, by offering in evidence the pleadings in an action brought by a third party against this defendant, and containing an alleged admission.  It is not disputed that, if these pleadings contained any admissions, such admissions would not be conclusive, but would be open to explanation and contradiction; yet the trial justice refused all evidence offered for such purpose.  The respondent, therefore, frankly admits that the judgment for $300 cannot stand, but urges that the defendant does not really dispute that it is liable for $180, and asks that the judgment be reduced to that amount, and affirmed as modified.

[2] While I agree that the defendant does not dispute that it is liable for some amount, there is no competent proof that this amount

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

is $180. The offer of judgment for $180 was not accepted and cannot be introduced in evidence (Municipal Court Act, § 148), and the defendant has never expressly admitted that it owed this amount, except by argument that it did not owe more than $180. It follows that, if either party objects, we have no power to reduce the judgment to that sum.

Judgment should therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the parties stipulate that judgment may be reduced to $180, and appropriate costs in the court below, in which event, judgment as reduced should be affirmed, with costs to appellant in this court.　　All concur.